# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| LINDSEY R. DILLON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No.: N15A-01-003-ALR |
| | ) | |
| PAUL MITCHELL THE | ) | |
| SCHOOL DELAWARE | ) | |
| | ) | |
| & | ) | |
| | ) | |
| UNEMPLOYMENT | ) | |
| INSURANCE APPEALS | ) | |
| BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted: June 17, 2015
Decided: July 30, 2015

*On Appellee Division of Unemployment Insurance's Motion to Dismiss—*
**GRANTED**

Lindsey R. Dillon, *Pro Se*, for Appellant.

Victoria W. Counihan, Esquire, Deputy Attorney General, Attorney for Appellee the Delaware Department of Labor, Division of Unemployment Insurance.

Melissa L. Rhoads, Esquire, Jason J. Cummings, Esquire, Tighe & Cottrell, P.A., Attorneys for Appellee Paul Mitchell The School of Delaware.

**Rocanelli, J.**

This is an appeal by Lindsey Dillon ("Claimant") from a determination of the Appeals Referee of the Delaware Department of Labor, Division of Unemployment Insurance ("Division") issued on December 29, 2014. The Appeals Referee found that Claimant was discharged from her employment for just cause, and therefore was disqualified from the receipt of unemployment benefits. Rather than filing an appeal of the Appeals Referee's decision with the Unemployment Insurance Appeals Board ("UIAB") as required by Delaware law, Claimant filed a direct appeal to this Court.

The Court issued a Briefing Schedule on March 27, 2015, which required Claimant's Opening Brief to be filed by April 16, 2015. Claimant did not file anything with the Court and, on April 22, 2015, the Court issued a Final Delinquent Brief Notice, which required Claimant's Opening Brief to be filed by May 6, 2015. After this second deadline passed with no filing by Claimant, the Division filed a motion to dismiss on June 17, 2015 for failure to exhaust administrative remedies.

**Factual Findings**

Claimant worked for Paul Mitchell The School Delaware from April 20, 2009 to November 21, 2014. On September 29, 2014, Claimant was disciplined for not following the proper clock-in and clock-out procedures. On November 11, 2014, Claimant was placed on probation for thirty days due to poor work

1

performance. On November 14, 2014, Claimant failed to clock-out when she left the building for lunch despite her prior warning about the clock procedures. As a result, Claimant was discharged on November 21, 2014.

## Procedural History

On December 10, 2014, a Claims Deputy for the Division issued Claimant a Notice of Determination that Claimant did not qualify to receive unemployment insurance benefits because Claimant was discharged for just cause. Claimant timely appealed the Claim Deputy's determination to an Appeals Referee of the Division. The Appeals Referee conducted a hearing on December 29, 2014 and issued a decision the same day affirming the Claim Deputy's determination that Claimant was disqualified from the receipt of unemployment insurance benefits. On January 7, 2015, Claimant appealed of the Appeals Referee's decision directly to this Court.

## Discussion

Pursuant to statutory authority, the Court may review the decisions of administrative boards. However, under 19 *Del. C.* § 3322(a) ("Section 3322"), judicial review of a decision of the UIAB "shall be permitted only after any party claiming to be aggrieved thereby has exhausted all administrative remedies."

The administrative remedies relevant to decisions of the Division are contained in 19 *Del. C.* § 3318(c) ("Section 3318") and 19 *Del. C.* § 3320

("Section 3320").  Section 3118 provides that a decision of an Appeals Referee "shall be deemed to be final unless within 10 days after the date of notification or mailing of such decision further appeal is initiated pursuant to [Section] 3320 of this title."[1]  Section 3320 then provides that the UIAB may "on its own motion, affirm, modify, or reverse any decision of an appeal tribunal . . . or it may permit any of the parties to such decision to initiate further appeal before it."[2]  Thus, pursuant to Section 3320, "the final administrative remedy for the Appellant is a hearing before the [UIAB]."[3]  Where an appellant has not exhausted all administrative remedies, this Court does not have jurisdiction to address the merits of the case.[4]  Consequently, Claimant was required to file an appeal with the UIAB in order to exhaust all administrative remedies before this Court could exercise jurisdiction to address the merits of her case.[5]

## Conclusion

Pursuant to Superior Court Rule 72 ("Rule 72"), "[t]he Court may order an appeal dismissed, sua sponte, or upon a motion to dismiss by any party," and "[d]ismissal may be ordered for . . . for failure to comply with any rule, statute, or

---

[1] 19 *Del. C.* § 3318(c).
[2] 19 *Del. C.* § 3320(a).
[3] *Bell v. N.E. Treatment Centers, Inc.*, 2003 WL 21500336, at *1 (Del. Super. June 30, 2003).
[4] *See Griffin v. Daimler Chrysler*, 2000 WL 33309877, at *1 (Del. Super. Apr. 27, 2001).
[5] *See Bell*, 2003 WL 21500336 at *1 (affirming the decision of the UIAB to dismiss the appeal when appellant failed to attend the UIAB hearing in order to exhaust that remedy); *Griffin*, 2000 WL 33309877, at *1 (granting the UIAB's motion to dismiss the appeal on the grounds that the appellant did not exhaust all administrative remedies when he failed to attend the UIAB hearing).

3

order of the Court or for any other reason deemed by the Court to be appropriate."[6]

Dismissal is appropriate where this Court lacks the jurisdiction to hear the appeal.[7]

Because Claimant did not exhaust all administrative remedies as required by statute, this Court lacks jurisdiction to consider the merits of Claimant's appeal. As a result, the Court hereby dismisses Claimant's appeal under Rule 72.

**NOW, THEREFORE, IT IS HEREBY ORDERED this 30th day of July, 2015, Appellee's Motion to Dismiss is hereby GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**Honorable Andrea L. Rocanelli**

---

[6] *Id.*

[7] *See Miller v. Hersha Hospitality*, 2013 WL 2296307, at *2 (Del. Super. Apr. 17, 2013) (dismissing an appeal to this Court on the grounds that the Court lacked jurisdiction where appellant had not exhausted all administrative remedies).

4